IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
VICKIE MCDONALD, FENTRESS      )
BROWN, TRISTA RHINEHART, and   )
KAREN BANKS,                   )
                               )
           Plaintiffs,         )
                               )
      v.                       )    1:21CV114
                               )
AUTOMONEY, INC., and AUTOMONEY )
NORTH, LLC,                    )
                               )
           Defendants.         )
```

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on a Motion to Remand, (Doc. 12), filed by Plaintiffs Vickie McDonald, Fentress Brown, Trista Rhinehart, and Karen Banks ("Plaintiffs"), and a Motion to Transfer, (Doc. 15), filed by Defendants AutoMoney, Inc., and AutoMoney North, LLC ("Defendants"). For the reasons that follow, Plaintiffs' Motion to Remand should be granted because Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In light of that, Defendants' Motion to Transfer should be denied without prejudice.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs are North Carolina citizens who had automobile title loans. (Complaint ("Compl.") (Doc. 5) ¶¶ 1, 14.) Defendants are companies "engaged in the automobile title loan business in North Carolina." (Id. ¶ 2.) The Complaint alleges that "Defendants, via the internet, cellular telephone and other media and communication methods solicited, marketed, advertised, offered, accepted, discussed, negotiated, facilitated, collected on, threatened enforcement of, and foreclosed upon automobile title loans with Plaintiffs and other North Carolina citizens." (Id. ¶ 3.)

Plaintiffs brought their Complaint against Defendants in Richmond County Superior Court alleging Defendants violated the North Carolina Consumer Finance Act, N.C. Gen. Stat. § 53-165, et seq., engaged in unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1, and, in the alternative, engaged in conduct that constituted usury in violation of N.C. Gen. Stat. § 24-1.1, et seq. (Id. ¶¶ 20-37.) Defendants removed the action to this court based on an assertion of diversity jurisdiction, alleging that Plaintiffs are citizens and residents of North Carolina, that Defendants are entities organized under the laws of South Carolina and whose members and shareholders are all residents of South Carolina, and that the

amount in controversy exceeds $75,000. (Notice of Removal (Doc. 1) ¶¶ 3-4.)

Plaintiffs filed a Motion for Remand, (Doc. 12), and a brief in support, (Pls.' Br. in Supp. of Mot. to Remand ("Pls.' Br.") (Doc. 13)), requesting this court remand the matter to North Carolina state court because Defendants have not met their burden of showing the amount in controversy exceeds $75,000. Defendants responded, (Mem. in Opp'n to Pls.' Mot. for Remand ("Defs.' Resp.") (Doc. 19)), and Plaintiffs replied, (Doc. 22).

Additionally, Defendants filed a Motion to Transfer, (Doc. 15), arguing that three of the four Plaintiffs signed forum selection clauses that require the action be brought in the District of South Carolina, and that the District of South Carolina is a more convenient forum. Defendants filed a brief in support of their motion, (Doc. 16), to which Plaintiffs responded, (Doc. 20), and Defendants replied, (Doc. 23).

## II. STANDARD OF REVIEW

The district courts of the United States have original jurisdiction over civil actions where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the

-3-

district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, [district courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand"). The parties in this case agree that there is diversity of citizenship. (Compare Pls.' Br. (Doc. 13) at 7 with Notice of Removal (Doc. 1) ¶ 3.) Thus, the question before this court is whether Defendants have sufficiently shown the amount in controversy exceeds $75,000.

III. **ANALYSIS**

To determine whether the amount in controversy exceeds $75,000, this court begins with the general proposition that the amount in controversy is "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). If the amount in controversy is unclear on the face of the initial pleading, including where "the State practice either does not permit

-4-

demand for a specific sum or permits recovery of damages in excess of the amount demanded[,]" the defendant may assert the amount in controversy in the Notice of Removal. Id. That amount "should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 82 (2014). However, if the plaintiff contests the defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 88 (citing § 1446(c)(2)(B)).

The defendant "'bears the burden of demonstrating that removal jurisdiction is proper.' When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'" Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (internal citations omitted) (alteration in original) (first quoting Strawn v. AT & T Mobility LLC, 530 F.3d 293, 297 (4th Cir. 2008), then quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)). "The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." Francis v. Allstate Ins.

Co., 709 F.3d 362, 367 (4th Cir. 2013) (internal quotation marks omitted) (quoting Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 216 (1906)).

Here, Defendants must show "it is more likely than not that 'a fact finder might legally conclude that' damages will exceed the jurisdictional amount." Scott, 865 F.3d at 196 (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). Thus, Defendants "must provide enough facts to allow [this] court to determine – not speculate – that it is more likely than not that the . . . action belongs in federal court. Id. at 197 (citation omitted).

The Complaint does not give a specific amount in controversy but provides that "[e]ach Plaintiff stipulates that she is not seeking, will not seek and will not accept damages in excess of $75,000.00." (Compl. (Doc. 5) at 9.) Plaintiffs Fentress Brown and Karen Banks also attached to their brief individual declarations affirming their stipulations that they will neither seek nor accept damages in excess of $75,000. (Doc. 13-4 ¶ 16; Doc. 13-7 ¶ 11.) Plaintiffs contend that by the stipulation in the Complaint and their individual declarations, no individual Plaintiff seeks damages in excess of $75,000. (Pls.' Br. (Doc. 13) at 16-17.) On the other hand, Defendants contend that because North Carolina law does not limit Plaintiffs to the amount in the Complaint, Plaintiffs are not

-6-

bound by the amount pleaded in their prayer for relief. (Defs.' Resp. (Doc. 19) at 21-24.)

To ensure a party is not using a stipulation to avoid removal, courts may look at whether the stipulation is binding and whether the stipulation specifies that the plaintiff will not only not seek but also "will not accept more than $75,000 if the court awards it." Aikens v. Microsoft Corp., 159 F. App'x 471, 476 (4th Cir. 2005) (unpublished).

Here, Plaintiffs did not specify in their Complaint the exact sum of damages sought. However, they did include a stipulation in their Complaint stating they would neither seek nor accept damages exceeding $75,000. (Compl. (Doc. 5) at 9.) Plaintiffs additionally included individual declarations with their Motion for Remand stating that they were not presently seeking, nor would they seek in the future, damages in excess of $75,000. (Doc. 13-4 ¶ 16; Doc. 13-7 ¶ 11.)

Another court in this district has dealt with this same fact pattern and determined that the stipulation in the Complaint coupled with individual declarations was sufficient to defeat federal jurisdiction. See Kellar v. 1st Cap. Fin. of S. Carolina, Inc., 1:20CV402, at 5 (M.D.N.C. Mar. 30, 2021) (Mem. Order). In Kellar, the plaintiffs sought to recover compensatory and treble damages for the defendant's alleged

violations of the North Carolina Consumer Finance Act, which they alleged constituted unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1, and in the alternative, sought damages for violations of the North Carolina usury statutes, N.C. Gen. Stat. § 24-1.1. Id. at 2. The plaintiffs in Kellar included a stipulation in their complaint that they would neither seek nor accept damages in excess of $75,000. Id. The plaintiffs also attached declarations affirming their stipulation. Id. at 3. Based on these facts, the court in Kellar held that the "declarations – with the inclusion of affirmative language that they will not accept over $75,000 – is sufficient to defeat federal jurisdiction." Id. at 5.

Like the plaintiffs in Kellar, Plaintiffs stipulated that they would neither seek nor accept damages over $75,000. (Compl. (Doc. 5) at 9.) Plaintiffs affirmed this stipulation through declarations. (Docs. 13-4, 13-7.) Defendants argue that neither Plaintiffs' declarations nor the stipulation in the Complaint is sufficient to defeat the jurisdictional threshold. (Defs.' Resp. (Doc. 19) at 21.) Specifically, Defendants argue that because the declarations were filed after the Complaint, they are irrelevant in light of Supreme Court precedent, and further argue that the stipulation is non-binding. (Id. at 21-22.) Even assuming the declarations bear no weight in assessing whether

-8-

the jurisdictional threshold is met, none of the cases cited by Defendants are applicable to the facts of this case. Defendants first cite Dash v. FirstPlus Home Loan Trust 1996-2 to support their argument that Plaintiffs' stipulation does not support remand. Unlike this case, in Dash there was no stipulation in the complaint that the plaintiffs would not accept a sum over $75,000. Dash, 248 F. Supp. 2d 489, 495-96 (M.D.N.C. 2003) (denying motion to remand where the complaint alleged that the plaintiffs did not seek damages in excess of $75,000; however, the complaint alleged damages of at least $95,423.71 sought). Similarly, in the other case cited by Defendants, the plaintiffs did not specifically allege they would not accept over $75,000. Cannon v. AutoMoney, Inc., Case No. 1:19-cv-00877, 2020 WL 3105183, at *3 (M.D.N.C. May 12, 2020) ("[T]he Complaint specifically provides that '[e]ach Plaintiff alleges as to their individual claim that the matter in controver[s]y does not exceed the sum or value of $75,000.00, exclusive of interest and costs.'" (alteration in original)), report and recommendation adopted, No. 1:19-CV-877, 2020 WL 3104352 (M.D.N.C. June 11, 2020). For these reasons, this court finds that the stipulation that Plaintiffs "will not seek and will not accept damages in excess of $75,000.00," (Compl. (Doc. 5) at 9 (emphasis added)),

is sufficient to defeat federal jurisdiction.[1] Accordingly, this court will grant Plaintiffs' Motion to Remand, (Doc. 12). Because this court will grant Plaintiffs' Motion to Remand, this court will deny Defendants' Motion to Transfer, (Doc. 15).

**CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand, (Doc. 12), is **GRANTED** and that this case is hereby **REMANDED** for further proceedings in the Superior Court of Richmond County, North Carolina.

---

[1] Defendants further argue that "the addition of costs in the form of attorneys' fees would push the amount in controversy to well over the $75,000.00 jurisdictional threshold." (Defs.' Resp. (Doc. 19) at 24.) While "[a]n award of attorneys' fees can be considered in determining the jurisdictional amount[,]. . . the mere fact that [attorneys' fees] are at issue is insufficient . . . [to] propel the recovery over the $75,000 jurisdictional threshold." Blettner v. Masick, No. 1:15CV474, 2015 WL 7575924, at *2 (M.D.N.C. Nov. 25, 2015) (internal citations omitted). That Plaintiffs' counsel would expend almost 400 hours on this case is nothing more than speculation by Defendants, which is insufficient to establish jurisdiction. See id. (See also (Doc. 19) at 26-27.) Defendants have filed declarations of attorney's fees of Plaintiffs' counsel in other related cases in an attempt to establish federal jurisdiction. (Doc. 24.) None of those documents reflect that Plaintiffs' counsel expended anywhere near 400 hours of work. (Docs. 24-1, 24-2, 24-3.) This court therefore finds that Defendants have not met their burden of showing that the amount in controversy exceeds $75,000.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a certified copy of this Memorandum Opinion and Order to the Clerk of Superior Court in Richmond County.

**IT IS FURTHER ORDERED** that Defendants' Motion to Transfer, (Doc. 15), is **DENIED WITHOUT PREJUDICE.**

This the 30th day of November, 2021.

_____
United States District Judge

-11-

Case 1:21-cv-00114-WO-JEP   Document 25   Filed 11/30/21   Page 11 of 11